#### No. 5

No. 18551—State ex rel. Charles F. Nead, a Taxpayer, v. Louis H. Nolte, Mayor. Error to the Court of Appeals of Hamilton county.

**747. MANDAMUS—1. Remedy to order mayor to pay fees into city treasury.**

**2. Special plea in abatement should be overruled when no answer is filed in action at law to recover them, and the issue taken up in mandamus.**

**3. No duty on Mayor to pay into city treasury, his fees in state cases.**

MARSHALL, C. J.

1. Where there is a controversy between a municipality and the mayor thereof over the title to certain fees collected by the mayor, it being admitted by the mayor that the fees were collected and retained by him, and it being admitted by the municipality that the identical fees so collected and retained have been kept intact, and no other issue of fact being made, mandamus at the suit of the city against the mayor to order the payment of said moneys into the city treasury is an appropriate remedy.

2. Where a suit is brought by a city on the relation of its solicitor to recover a judgment against the mayor thereof, and subsequently thereto a taxpayer makes written request upon the city solicitor to bring an action in mandamus against the mayor to compel the pay-

# THE OHIO LAW ABSTRACT

## OHIO SUPREME COURT—Continued

ment of the identical moneys for which judgment is sought in the former action and the city solicitor refuses to bring such mandamus suit, and the taxpayer thereupon brings suit in mandamus upon his own relation, and the mayor files no answer in the action at law, but joins issue in the action in mandamus, in which he pleads as a defense the pendency of the action at law, the special plea of abatement should be overruled.

3. Section 4270, General Code, as amended 108 O. L., pt. 2, page 1208, imposes no duty upon the mayor of a municipality to pay into the city treasury the fees taxed in favor of such mayor in the hearing of state cases.

Judgment affirmed.

Robinson, Matthias, Day and Allen, JJ., concur. Conn, J., dissents.